UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JAMES GREENSPON,<br><br>Petitioner,<br><br>v.<br><br>ROSEMARY NDOH, Warden,<br><br>Respondent. | Case No. 2:18-01959 CJC (ADS)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Cormac J. Carney, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.    INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Benjamin James Greenspon ("Petitioner"), a California state prisoner. The Respondent, Rosemary Ndoh, Warden, filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss") solely on the basis that the Petition is time-barred by the one-year statute of limitations. A review of the

Petition, the Motion to Dismiss, Petitioner's Opposition to the Motion to Dismiss, and the Court's records results in the finding that the Petition is untimely and amendment cannot cure the deficiency.[1] For this reason, the Court recommends granting the Motion to Dismiss and dismissing the Petition with prejudice.[2]

## II. RELEVANT BACKGROUND

### A. State Court Conviction, Appeal, and Habeas Petition

On July 27, 2000, Petitioner pled guilty to two counts of robbery in his underlying Santa Barbara County Superior Court case (Case No. 1011641). [Dkt. 11-1, LD 1, pp. 4, 9].[3] During the course of his guilty plea, and with respect to the two counts to which he pled guilty, Petitioner further admitted that he was previously convicted of two separate felony bank robberies in United States District Court and those two prior convictions count as strikes under California's Three Strikes Law. [Id., p. 11]. Petitioner pled not guilty to the remaining nine counts. [Id., pp. 3-11]. On September 28, 2000,

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

[2] On January 31, 2019, the Court issued an initial Report and Recommendation that found the Petition untimely. [Dkt. No. 22]. On February 13, 2019, Respondent filed Objections to the Report and Recommendation, which agreed with the result but provided a different calculation of the statute of limitations. [Dkt. No. 23]. These objections are addressed in this Final Report and Recommendation. Petitioner did not file any objections to the initial Report and Recommendation, and as such, no additional objection period is warranted.

[3] All citations to electronically-filed documents are to the CM/ECF pagination.

| | |
|---|---|
| 1 | Petitioner was sentenced on the two counts to which he pled guilty. [Dkt. No. 11-2, |
| 2 | LD 2, p. 1]. |
| 3 | On February 22, 2001, under the same case number, a jury convicted Petitioner |
| 4 | of another five counts of robbery and one count of evading an officer. [Dkt. No. 11-3, |
| 5 | LD 3, p. 1]. The jury further found that Petitioner was previously convicted in United |
| 6 | States District Court of two felony bank robberies and those convictions count as strikes |
| 7 | under California's Three Strikes Law. [Dkt. No. 11-4, LD 4, p. 2]. Petitioner was |
| 8 | sentenced on the jury verdict on March 16, 2001. [Dkt. No. 11-3, LD 3, p. 1]. |
| 9 | Petitioner filed an appeal of the jury's conviction and judgment on March 30, |
| 10 | 2001. [Dkt. No. 11-6, LD 6]. However, on August 16, 2001, the California Court of |
| 11 | Appeal dismissed the appeal "[p]ursuant to Appellant's request (abandonment)." |
| 12 | [Dkt. No 11-7, LD 7]. |
| 13 | Then, over fifteen years later, on February 21, 2016, Petitioner filed a petition for |
| 14 | writ of habeas corpus in the Santa Barbara Superior Court (Case No. 17CR01414) |
| 15 | asserting many of the same arguments raised here. [Dkt. No. 11-8, LD 8]. On June 28, |
| 16 | 2017, the Santa Barbara Superior Court denied the petition on the merits. [Dkt. |
| 17 | No. 11-13, LD 13]. Petitioner filed a petition for writ of habeas corpus in the California |
| 18 | Court of Appeal on July 26, 2017 (Case No. B284009). [Dkt. No. 11-14, LD 14]. The |
| 19 | Court of Appeal summarily denied the petition on the merits on August 8, 2017. |
| 20 | [Dkt. No. 11-15, LD 15]. Petitioner then filed a petition for writ of habeas corpus in the |
| 21 | California Supreme Court on August 17, 2017 (Case No. S243815). [Dkt. No. 11-16, |
| 22 | LD 16]. On February 21, 2018, the Supreme Court summarily denied that petition. <u>See</u> |
| 23 | [Dkt. No. 11-17, LD 17]. |
| 24 | |

**B.     Federal Court Habeas Proceedings**

On February 27, 2018, Petitioner constructively filed the instant habeas Petition pursuant to 28 U.S.C. § 2254. [Dkt. No. 1]. In this habeas petition, Petitioner raises the following four grounds for relief:

1.     Petitioner's two prior bank robbery convictions could not be used to enhance his sentence without a jury determination of the essential elements;

2.     Petitioner's two prior bank robbery convictions are not "strike-able" or serious felonies under California's Three Strikes Law;

3.     Petitioner's sentence was erroneously enhanced by two prior bank robbery convictions when those convictions did not meet the criteria under California's Three Strikes Law and their elements were not proven; and

4.     Petitioner was denied the right to a jury on the essential elements of his prior convictions which were used to enhance his sentence under California's Three Strikes Law. [Dkt. No. 1, pp. 5-10].

On May 10, 2018, the Respondent moved to dismiss the Petition on the sole basis that the Petition is untimely under section 2244(d)(1)(A) of AEDPA. [Dkt. No. 10]. Respondent argues the conviction became final on August 16, 2001, when Petitioner abandoned his direct appeal, and therefore this federal habeas Petition, filed in 2018, is untimely. [Id., p. 5]. Respondent argues Petitioner is not entitled to tolling or any later commencement of the AEDPA limitation period because Petitioner was aware of the factual predicate of his claims (having two prior bank robbery convictions) long before trial in the underlying state court conviction. [Id., pp. 6-7].

On June 15, 2018, the case was transferred to the docket of the undersigned U.S. Magistrate Judge. [Dkt. No. 12]. On August 2, 2018, Petitioner filed an Opposition to

the Motion to Dismiss ("Opposition"). [Dkt. No. 14]. In the Opposition, Petitioner argues that he did not abandon his direct appeal but rather his appointed appellate counsel abandoned direct the appeal. [Id., p. 2]. Petitioner argues that he was never permitted to exhaust his state remedies because of appellate counsel's abandonment. [Id.]. Petitioner asserts that AEDPA's limitations period should not apply because he is a layman of the law and because "[t]here was no properly filed state post-conviction." [Id.]. Petitioner asserts that his "unauthorized sentence can be attacked at anytime it is discovered by the Petitioner." [Id.]. Petitioner asserts he has been subject to a Sixth Amendment violation of his right to a jury trial on all elements necessary to be a serious felony for enhancement purposes under California's Three Strikes Law. [Dkt. No. 14, p. 2]. Petitioner further asserts he should be resentenced based upon his federal habeas petition. [Id., p. 3].

The Respondent's Motion to Dismiss is now fully briefed and ready for decision.

### III. THE PETITION IS UNTIMELY

#### A. The Petition is Facially Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). Pursuant to 28 U.S.C. § 2244(d)(1), the limitation period begins to run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

5

> the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

At its most basic level, as is the case here, the limitation period begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For petitioners who do not appeal to the state's highest court, their judgments become final when the time for seeking such review expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). As such, courts look to "state-court filing deadlines when petitioners forgo state-court appeals." Id. at 152; see also McMonagle v. Meyer, 802 F.3d 1093, 1097 (9th Cir. 2015) (looking to California law to determine when direct review of a California misdemeanor conviction concludes).

Respondent argues that Petitioner's conviction became final on August 16, 2001, the date the Court of Appeal dismissed Petitioner's appeal on request, and therefore, the statute of limitation for Petitioner to file a federal habeas petition expired on August 16, 2002. [Dkt. No. 23, p. 3]. Respondent calculates the finality of Petitioner's conviction by relying on White v. Klitzkie, 281 F.3d 920 (9th Cir. 2002). [Dkt. No. 23, p. 3]. In that decision, the White court stated, "White's conviction became final on December 19, 1995, when he dismissed his direct appeal." White, 281 F.3d at 923. Presumably, Respondent is arguing that the statute of limitations begins to run on the date an appeal is dismissed by a petitioner, which addresses "the date on which the judgment became final by the conclusion of direct review" aspect of the § 2244(d)(1)(A) analysis. But, that approach gives no consideration to the remainder of the statute, which further provides,

"or the expiration of the time for seeking such review."[4]  In addition, <u>White</u> has no precedential effect on the statute of limitations analysis in this case for two reasons. First, the statement relied upon by Respondent was dicta, with no substantive analysis of the instant issue, and not a Ninth Circuit Court of Appeals holding.  <u>See</u> <u>generally</u>, <u>White</u>, 281 F.3d 920.  Second, petitioner White challenged a conviction and sentence imposed by the Superior Court of Guam and the <u>White</u> court's analysis does not address California state criminal appeals filing deadlines.  <u>See</u> <u>id.</u> at 922.

In California state courts, a Court of Appeal's "dismissal of an appeal on request" becomes final on filing.  Cal. R. Ct. 8.366(b)(2)(B).  Thereafter, "[a] party may file a petition in the Supreme Court for review of *any* decision of the Court of Appeal . . . ."  Cal. R. Ct. 8.500(a)(1) (emphasis added).  "A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."  Cal. R. Ct. 8.500(e)(1).

Here, Petitioner's direct appeal was dismissed by order of the California Court of Appeal on August 16, 2001, based upon Petitioner's abandonment.  [Dkt. No. 11-7, LD 7].  That order became immediately final.  Cal. R. Ct. 8.366(b)(2)(B).  Therefore, Petitioner's deadline to file for review of that order with the California Supreme Court was August 26, 2001, ten days after the Court of Appeal's decision.[5]  Since Petitioner did

---

[4] Based upon Respondent's lack of citation to binding case law, and this Court's research, it appears that the finality of a California state conviction after a California state petitioner voluntarily dismisses or abandons a direct appeal to the California Court of Appeal, for federal habeas statute of limitations purposes, is a matter of first impression.

[5] The initial Report and Recommendation calculation included an additional 30 days for the order dismissing the appeal to become final.  Also, although August 26, 2001, fell on a Sunday, "the date of finality is not extended if it falls on a day on which the office of

7

not file a petition for review, the one-year limitation period for filing a federal habeas petition expired one year after the deadline to do so, August 26, 2002. Petitioner filed the instant Petition on February 27, 2018, over fifteen years after the limitation period expired. As a result, the Petition is untimely unless Petitioner establishes tolling is applicable or some other later commencement date is appropriate.

### B. <u>Petitioner is Not Entitled to Delayed Accrual of Limitations</u>

Petitioner asserts he is entitled to a later commencement date of AEDPA's limitations period under a few theories. First, Petitioner asserts the finality of his abandoned direct appeal should not be used to calculate the limitations period because he did not abandon his direct appeal, but rather his appointed appellate counsel abandoned direct the appeal. [Dkt. No. 14, p. 2]. Second, Petitioner asserts his appellate counsel's abandonment excuses his delay. [<u>Id.</u>]. Third, Petitioner asserts that AEDPA's limitations period should not apply because he is a layman of the law and because "[t]here was no properly filed state post-conviction." [Dkt. No. 14, p. 2]. Fourth, Petitioner asserts that his "unauthorized sentence can be attacked at anytime it is discovered by the Petitioner." [<u>Id.</u>]. Finally, Petitioner asserts that he discovered his sentence was unauthorized when another inmate was resentenced on the exact same federal bank robbery statute in 2016. [<u>Id.</u>]. In short, Petitioner seeks either delayed accrual or equitable tolling of AEDPA's statute of limitations.

Petitioner is not entitled to the delayed accrual of AEDPA's statute of limitations pursuant to section 2244(d)(1)(B). To warrant delayed accrual on account of an impediment created by State action, a "petitioner must show a causal connection

---

the clerk executive officer is closed." Cal. R. Ct. 8.500(e)(1).

between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Arizona Att'y General, 499 F.3d 1056, 1059-60 (9th Cir. 2007); see also Randle v. Crawford, 604 F.3d 1047, 1055 (9th Cir. 2010) (finding that state-appointed counsel's failure to perfect a direct appeal insufficient as an impediment to filing a federal habeas petition). The Petitioner must "satisfy a far higher bar than that for equitable tolling." Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). The petitioner is entitled to delayed accrual only of the impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." Id. at 1001 (emphasis in original).

Petitioner does not assert that he was impeded from filing his federal petition by unconstitutional state action pursuant to section 2244(d)(1)(B). But rather, Petitioner asserts he was impeded by abandonment of his appellate counsel and, to some degree, his own lack of knowledge of the law. [Dkt. No. 14, p. 2]. Petitioner admits his counsel's abandonment occurred in 2001. [Id.]. His asserted impediments did not prevent him, however, from presenting his claims in any form to any court over the next fifteen years. Petitioner does not provide any explanation why he did not seek other counsel to pursue his direct appeal. Petitioner does not provide any explanation why he did not assert his claims to the courts without counsel, as he has done here. Petitioner's impediments do not qualify for delayed accrual of the statute of limitations.

Second, Petitioner does not establish he is entitled to delayed accrual of the statute of limitations under section 2244(d)(1)(C). Petitioner cites to Johnson v. United States, 135 S. Ct. 2551 (2015), for the first time in his Opposition. [Dkt. No. 14, p. 3]. To the extent Petitioner presents Johnson as a newly recognized, retroactive constitutional right, Johnson is not implicated in Petitioner's underlying conviction. In Johnson, the Supreme Court held that the definition of "violent felony" in the residual clause of the

9

Armed Career Criminal Act was unconstitutionally vague. Johnson, 135 S. Ct. at 2555-56. Petitioner was sentenced under California's Three Strikes Law, not the federal Armed Career Criminal Act. The Three Strikes Law specifically defines a "serious" or "violent" felony to include robbery and bank robbery, for which Petitioner was convicted and now challenges. Cal. Penal Code §§ 667.5, 1192.7(c)(19). Accordingly, Johnson did not create a new due process right applicable to Petitioner and the limitations period prescribed by 28 U.S.C. § 2244(d)(1)(C) does not apply.

Finally, Petitioner has not established he is entitled to delayed accrual of the statute of limitations due to newly discovered factual predicate of his claims pursuant to section 2244(d)(1)(D). The factual predicate underlying all of Petitioners claims is that his federal bank robbery convictions were used as strikes against him in sentencing under California' Three Strikes Law. Petitioner was advised that his two prior federal bank robbery convictions would count as strikes against him resulting in a minimum sentence of 50 years to life at his plea hearing on July 27, 2000. [Dkt. No. 11-1, p. 11]. As such, he has been long aware of the underlying factual predicates of his four grounds for relief. 28 U.S.C. § 2244(d)(1)(D); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (noting that the limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying the claims, not when he realized their "legal significance"). The factual predicate of Petitioner's claims was known to him since, at least, the year 2000. Petitioner is not entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(D).

**C.     Petitioner is Not Entitled to Statutory or Equitable Tolling**

In certain cases, a habeas petition can "be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002).

### 1. Statutory Tolling

AEDPA provides for statutory tolling while an appeal is pending before a higher state court as well as during the reasonable time between a lower court's judgment and the filing of an appeal in the next court. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see e.g. Velasquez v. Kirland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer than the Supreme court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement.").

Here, Petitioner has not argued, nor has he shown, that he is entitled to statutory tolling. Petitioner is not entitled to statutory tolling because he did not pursue his direct appeal and he did not file his first state habeas petition until February 21, 2017, which is almost fifteen years after the statute of limitations period had already expired. See [Dkt. No. 11-8, LD 8]. Statutory tolling "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Pamateer, 321 F.3d 820, 823 (9th Cir. 2003). As such, statutory tolling does not apply.

### 2. Equitable Tolling

Equitable tolling applies when a petitioner shows "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) ("The petitioner must additionally show that the

11

extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time") (internal quotations and citations omitted). The untimeliness could not be a result of "oversight, miscalculation or negligence on the petitioner's part." <u>Walderon-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner is also not entitled to equitable tolling because he does not meet the requisite showings of diligence and extraordinary circumstances. Petitioner argues that his "Appellate Counsel abandoned Petitioner's Direct appeal, not the Petitioner" and, as a result, Petitioner "was never allowed to exhaust his state remedies on Direct Appeal." [Dkt. No. 14, p. 2]. The Ninth Circuit Court of Appeals has held that an attorney's abandonment can, in certain circumstances such as where counsel's failure to communicate with the petitioner, despite the petitioner's repeated efforts, caused the petitioner to file his federal habeas petition 193 days late, constitute an extraordinary circumstance warranting equitable tolling of the federal filing deadline. <u>Gibbs v. Legrand</u>, 767 F.3d 879, 882 (9th Cir. 2014). In contrast, here, Petitioner does not allege that he relied on counsel to prosecute the challenge or that he diligently pursued the case. Moreover, any reliance on appellate counsel would not justify the fifteen-year-long delay.

Petitioner's explanation that he only recently discovered his sentence was unauthorized also fails to warrant tolling. Petitioner states that "another inmate was resentenced on the exact same federal bank robbery statute in 2016," which alerted him that he may similarly be entitled to relief. [Dkt. No. 1, p. 13]. However, a pro se petitioner's ignorance of the law is not such an extraordinary circumstance as to justify equitable tolling. <u>See</u> <u>Waldron-Ramsey</u>, 556 F.3d at 1013 n. 4 ("we have held that a pro

se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). As such, Petitioner's reasons for filing this federal habeas petition fifteen years after the statute of limitations expired do not meet the standards of diligence or extraordinary circumstance to justify equitable tolling. Petitioner has failed to show that he has been diligently pursuing his rights and extraordinary circumstances stood in his way. Therefore, Petitioner is not entitled to equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether:" (1) "the petition states a valid claim of the denial of a constitutional right;" and (2) "the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, it is recommended that a certificate of appealability be denied.

## V. RECOMMENDATION

It is recommended that the District Court issue an Order, as follows: (1) approving and accepting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss the Petition; (3) directing that Judgment be entered dismissing this action with prejudice; and (4) denying a certificate of appealability.

Dated: February 20, 2019            ____/s/ Autumn D. Spaeth_____
                                                    HONORABLE AUTUMN D. SPAETH
                                                    United States Magistrate Judge